# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| ELIZABETH ANN HOAGLAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROCKIN' R RANCH & LODGE GUEST OPERATIONS, INC., a Utah corporation; et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:10-cv-478-TC-PMW <br><br> District Judge Tena Campbell <br><br> Magistrate Judge Paul M. Warner |

District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are Elizabeth Ann Hogaland, et al.'s (collectively, "Plaintiffs") three motions to compel[2] and motion to amend the scheduling order.[3] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

## I. Motions to Compel

Plaintiffs have filed three motions requesting compelled responses to discovery requests from each one of the named defendants in this case (collectively, "Defendants"). "The district

---

[1] *See* docket no. 5.

[2] *See* docket nos. 54, 56, 58.

[3] *See* docket no. 60.

court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted). The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "[T]he scope of discovery under the federal rules is broad and . . . 'discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.'" *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Although the scope of discovery under the federal rules is broad, however, parties may not engage in a 'fishing expedition' in an attempt to obtain evidence to support their claims or defenses." *Richards v. Convergys Corp.*, No. 2:05-cv-790-DAK, 2007 U.S. Dist. LEXIS 9131, at \*10 (D. Utah Feb. 6, 2007) (quoting *Munoz v. St. Mary-Corwin Hosp.*, 221 F.3d 1160, 1169 (10th Cir. 2000)).

The court has reviewed the discovery requests at issue. The court is persuaded by Plaintiffs' arguments and has determined that Defendants' objections and arguments are without merit. The court turns to addressing Defendants' specific arguments. First, Defendants argue that Plaintiffs' discovery requests are solely directed at seeking information about Defendants' ability to satisfy a potential judgment. The court disagrees. Plaintiffs have convinced the court

2

that their discovery requests seek information that is directly relevant to their claims of partnership, joint venture, and alter ego. Accordingly, that information is discoverable. Second, Defendants argue that they are not required to produce certain documents (e.g., deeds, tax assessments, and mortgage documents) because those documents *may* be available in certain public records. The court again disagrees. Pursuant to rule 34 of the Federal Rules of Civil Procedure, Defendants are required to produce any documents in their "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Finally, Defendants assert that for some discovery requests, they have produced all documents in their possession, custody, or control. However, Defendants have not indicated with specificity to which discovery requests that assertion applies. Accordingly, the court will require Defendants to provide Plaintiffs with a sworn affidavit or certification for any discovery requests to which that assertion applies.

For these reasons, Plaintiffs' motions to compel are granted. Within thirty (30) days of the date of this order, Defendants shall provide full responses to all of the discovery requests identified in Plaintiffs' motions. For any privileged information, Defendants shall provide Plaintiffs with a privilege log. For any discovery requests to which Defendants have already produced all documents in their possession, custody, or control, Defendants shall provide Plaintiffs with a sworn affidavit or certification to that effect.

The court recognizes that certain information to be produced by Defendants may contain sensitive or confidential information. In order to protect that information, the parties shall attempt to either stipulate to redaction of that information or to a suitable protective order. If attempts to stipulate to redaction are successful, the parties may redact any information as agreed

upon. If attempts to stipulate to a suitable protective order are successful, the court will favorably consider a stipulated motion for a protective order. If attempts to stipulate to either solution are unsuccessful, either party may bring the issue to the court by way of an appropriate motion.

As a final matter on Plaintiffs' motions to compel, the court notes that Plaintiffs have requested an award of reasonable expenses, including attorney fees, incurred in bringing their motions. The court concludes that such an award is neither necessary nor appropriate at this time under the circumstances. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

## II. Motion to Amend the Scheduling Order

Because of the delays caused by the above-referenced discovery disputes, the court concludes that Plaintiffs have demonstrated good cause in support of entry of an amended scheduling order. *See* Fed. R. Civ. P. 16(b)(4). Accordingly, Plaintiffs' motion to amend the scheduling order is granted. The court will enter an amended scheduling order after entry of the instant order.

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED:**

1. Plaintiffs' motions to compel[4] are **GRANTED**, as detailed above.

---

[4] *See* docket nos. 54, 56, 58.

2.  Plaintiffs' motion to amend the scheduling order[5] is **GRANTED**.

**IT IS SO ORDERED**.

DATED this 5th day of May, 2011.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[5] *See* docket no. 60.